# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDER BURMEISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-cv-00998-MTS |
| | ) |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). Plaintiff's pleading filed in the St. Charles County Circuit Court did so—or at any rate, plainly sought to do so. *See, e.g.*, Doc. [4] ¶ 19 ("Plaintiff stipulates that his damages[1] resulting from the incident described herein do not exceed $75,000.00.").

To the extent Plaintiff's pleading's allegations were ambiguous—as to, for example, the inclusion of attorney's fees—Plaintiff has now clarified beyond any doubt that the total amounts at issue in the Complaint have always been below the federal jurisdictional

---

[1] Attorney's fees can, where appropriate, be considered damages. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014) ("For purposes of determining the amount in controversy under diversity jurisdiction, attorney fees can be included if they are part of damages . . . ."); *Reed v. Reed*, 10 S.W.3d 173, 181 (Mo. Ct. App. 1999) (Stith, J.) ("[T]here are exceptional situations in which Missouri will permit the award of attorney's fees as part of costs or damages."); *Med. Shoppe Int'l, Inc. v. Mehra*, 882 S.W.2d 709, 713 (Mo. Ct. App. 1994) ("Attorney fees may be recovered as damages by contract or by statute."); *see also* Mo. Rev. Stat. § 375.420 (allowing for "a reasonable attorney's fee" in vexatious refusal to pay claims).

requirement. *See* Doc. [10]; *see also Keithly v. Mocadlo*, 4:16-cv-1892-JMB, 2017 WL 1426020, at *3 (E.D. Mo. Apr. 21, 2017) (explaining that a binding stipulation filed after removal can be considered when it is "clarifying rather than amending an original pleading"); *Angus v. Shiley Inc.*, 989 F.2d 142, 145 n.3 (3d Cir. 1993) ("[A] court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading."). Thus, because Plaintiff's stipulation was not an "after-filing change[] to the amount-in-controversy," *see Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 923 (8th Cir. 2023),[2] the Court will consider the stipulation. Since the amount in controversy did not exceed $75,000 here, the Court will remand this action. *See* 28 U.S.C. §§ 1332(a), 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [7], is **GRANTED**. An Order of Remand, remanding this action to the St. Charles County Circuit Court, the Eleventh Judicial Circuit of Missouri, will be entered herewith.

Dated this 8th day of August 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] *Accord Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (per curiam) (noting that it is a "well-established rule that a district court's subject matter jurisdiction, once established, is unaffected by post-removal reductions in the amount in controversy"); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) (holding a post-removal affidavit or stipulation reducing the amount in controversy to below the required jurisdictional amount is ineffective to deprive a district court of jurisdiction); *Nichols v. 300 M St. Dev. Grp.*, --- F. Supp. 3d ----, 1:25-cv-0138-TNM, 2025 WL 1411087, at *1 (D.D.C. May 15, 2025) ("Post-removal adjustments to the amount in controversy do not divest a federal court of jurisdiction.").